# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

|  |  |  |  |
|---|---|---|---|
| ISAIAH HENRY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:24-CV-99-KAC-JEM |
| | ) | | |
| ERIC CLOTFELTER, WAYNE | ) | | |
| BARTON, II, MIKE OWENS, CODY | ) | | |
| CHAPMAN, and CAMPBELL COUNTY | ) | | |
| SHERIFF'S DEPARTMENT, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff, a prisoner in the Campbell County Jail, filed a (1) pro se civil rights action under 42 U.S.C. § 1983 [Doc. 1], (2) motion for leave to proceed *in forma pauperis* [Doc. 4] and accompanying inmate account certificate [Doc. 7], and (3) motion for appointment of counsel [Doc. 5]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, **DISMISSES** this action for failure to state a claim, and **DENIES** Plaintiff's motion for appointment of counsel as moot.

## I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] and accompanying inmate account certificate [Doc. 7] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [Doc. 4].

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street,

Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    COMPLAINT SCREENING

### A.    Screening Standard

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant that is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.    Plaintiff's Allegations

On December 28, 2023, Plaintiff was taking a shower in the Campbell County Jail when Correctional Officer ("CO") Eric Clotfelter walked through the shower area and commented on the size of Plaintiff's penis [Doc. 1 at 3-4]. Plaintiff pretended not to hear the remark, and CO Clotfelter left the area after retrieving some cleaning supplies from a nearby closet [*Id*. at 4]. Plaintiff, was "very uncomfortable" and did not know what to do about the incident [*Id.*]. He told his cellmate what happened, and the cellmate told Plaintiff he could advise the administration of what happened by filing a Prison Rape Elimination Act ("PREA") complaint [*Id*.].

On or about January 2, 2024, Plaintiff filed a PREA complaint [*Id.*] When he did not receive a response after "a month and 5 days," he filed another PREA complaint and a request to speak to the administration [*Id*.]. But Plaintiff never heard anything about that complaint either[*Id*.]. Aggrieved by the alleged sexual harassment, Plaintiff seeks "justice[,]" $7 million in damages, and "for all fees to be paid" [*Id*. at 5].

### C. Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.

To state a claim against a defendant, Plaintiff must adequately allege that the particular defendant, by his or her own actions, violated the United States Constitution.  *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).  This requirement exists because constitutional liability cannot attach to a defendant solely based on his or her position of authority.  *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish. . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under Section 1983 may not be imposed merely because a defendant "employs a tortfeasor").

Plaintiff's Complaint contains no factual allegations against Defendants Mike Owens; Cody Chapman; or Wayne Barton, II [*See generally* Doc. 1 at 3-5].  With no factual allegations against them, these Defendants cannot be held liable for Plaintiff's alleged Constitutional injury.  *See Iqbal*, 556 U.S. at 676.  Therefore, the Court **DISMISSES** Defendants Owens, Chapman, and Barton.

Plaintiff also listed the Campbell County Sheriff's Department as a Defendant [*See* Doc. 1 at 3].  However, a sheriff's department is not a "person" within the meaning of Section 1983.  *See Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 494-95 (6th Cir. 2020); *Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well

4

established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). And Plaintiff does not attribute any wrongdoing to a custom or policy of Campbell County, such that the County itself could be liable under Section 1983. *See Monell*, 436 U.S. at 708 (1978) (Powell, J., concurring) (explaining that a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Therefore, even liberally construed, Plaintiff's Complaint fails to state a claim against the Campbell County Sheriff's Department. And the Court **DISMISSES** Defendant Campbell County Sheriff's Department.

The only remaining Defendant is CO Clotfelter. Defendant CO Clotfelter's comment, even if sexual and unwelcome, does not rise to the level of a Constitutional violation. *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding verbal abuse and harassment do not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue); *Goodwin v. Vanburn*, No. 7:22-CV-00164, 2022 WL 1240434, at *3 (W.D. Va. Apr. 27, 2022) (dismissing pretrial detainee's Fourteenth Amendment claim based on harassing sexual language by correctional officer). "[C]ircuit courts consistently have held that sexual harassment, absent contact or touching" is not sufficiently objectively serious to constitute a Constitutional injury. *Bourne v. Awomolo*, No. 1:16-CV-957, 2016 WL 4771240, at *3-4 (W.D. Mich. Sept. 14, 2016) (collecting cases). Accordingly, the Court **DISMISSES** Defendant Clotfelter.

Because the Complaint "fails to state a claim on which relief may be granted," the Court **DISMISSES** this action. *See* 28 U.S.C. § 1915(e)(2)(B). Therefore this action will not proceed further. According, the Court **DENIES** Plaintiff's motion for appointment of counsel [Doc. 5] as moot.

### III.    CONCLUSION

For the reasons set forth above:

1.    The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4];

2.    The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3.    The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4.    The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5.    Even liberally construing the Complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted.  Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and **DENIED** Plaintiff's motion for appointment of counsel [Doc. 5] as moot.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24.  Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.  An appropriate judgment shall enter.

**SO ORDERED.  AN APPROPRIATE JUDGMENT SHALL ENTER.**

 s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge